**FILED**
**Mar 03, 2021**
**07:45 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **SONDRA L. CLAYBROOKS,** | ) | **Docket No 2020-06-0489** |
| **Employee,** | ) | |
| **v.** | ) | |
| **INSIGHT GLOBAL, LLC,** | ) | **State File No. 23248-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **TWIN CITY FIRE INS. CO.,** | ) | **Judge Robert Durham** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

This case came before the Court on February 26, 2021, for an Expedited Hearing. Ms. Claybrooks sought medical and temporary disability benefits for various injuries she allegedly sustained from a slip and fall at work. The Court holds that Ms. Claybrooks did not establish she is likely to prove entitlement to reimbursement for past expenses or temporary disability benefits. However, Insight is required to provide a panel of orthopedists to treat any injuries caused by her fall.

### History of Claim

Ms. Claybrooks's undisputed testimony was that on May 9, 2019, she went to the restroom while at a work meeting. She slipped on the wet restroom floor, causing her legs to "split" before she fell on her right side. She immediately reported the fall to her manager, Kwaneka Fields, completed an accident report, and sought care at Vanderbilt Health Clinic (VHC).[1] Insight did not provide a panel.

Ms. Claybrooks treated with Deborah Baker, P.A. at VHC. She complained of pain in her right hip and buttock, and her x-rays revealed mild osteoarthritis. P.A. Baker diagnosed a right hip/hamstring/low back strain and recommended over-the-counter pain medications after Ms. Claybrooks declined an NSAID injection. PA Baker

---

[1] It is unclear from the record whether Insight authorized Ms. Claybrooks' visit to VHC.

recommended that she follow up with an orthopedist if her symptoms persisted. Ms. Claybrooks testified that P.A. Baker took her off work for five days, but the note does not address work status. She did not submit any more records from VHC.

Ms. Claybrooks stated that she returned to work on May 14 after Ms. Fields said company policy required her to do so. That same day, Abbi Livingston, with Insight's human resources, told her she was turning the claim over to the workers' compensation carrier. Again, Insight did not provide a panel.

Ms. Claybrooks further testified that she returned to VHC several times until Ms. Fields told her that she could not take any more time off work. She stated that Insight terminated her on July 19 without explanation.

Ms. Claybrooks submitted emails with Ms. Livingston asking about lost wages, which stated that the claim had been submitted to Insight's carrier. However, Ms. Claybrooks stated that the emails were not her only conversations regarding benefits, and she had also requested reimbursement for medical expenses and additional care.

In February and March 2020, Ms. Claybrooks underwent x-rays and an EMG/NCS at Vanderbilt Orthopedics due to right-hand numbness and tingling. The EMG/NCS report showed evidence of mild right-carpal tunnel syndrome; however, nothing suggested it was work-related. Ms. Claybrooks did not submit any other records regarding her hand, hip, knee or low back, although she introduced several pages of medical bills from various providers.[2]

## Findings of Fact and Conclusions of Law

Ms. Claybrooks must present evidence from which this Court can determine that she is likely to prove at trial that she is entitled to workers' compensation benefits. *See generally McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). The Court has no reason to doubt that she fell at work as she described. However, she must show that her fall caused injuries that required further treatment and left her temporarily disabled. The Court finds she has not done so at this time.

To prove causation, Ms. Claybrooks must show to a reasonable degree of medical certainty that her work injury contributed more than fifty percent in causing her complaints, considering all causes. "Reasonable degree of medical certainty" means "it is more likely than not considering all causes, as opposed to speculation or uncertainty."

---

[2] The day before the hearing, Ms. Claybrooks filed another Petition for Benefit Determination alleging she suffered an ear injury due to use of her headphones at Insight. The Court informed her that the petition would be processed as a separate injury and would not be considered at this hearing.

*See* Tenn. Code Ann. § 50-6-102(14) (2020).  Given that the standard requires "medical certainty," causation generally must be shown through an expert medical opinion.  *Id*.

Ms. Claybrooks did not submit any medical opinion that addressed the cause of her symptoms, the reason for any past treatment, or whether her symptoms restricted her employment.  Given the record before it, the Court cannot find that she is likely to prove causation and thus denies her requests for reimbursement of medical expenses and temporary disability benefits.

Even though Ms. Claybrooks did not show a likelihood of prevailing on causation, the Court must still consider her entitlement to a panel of physicians under Tennessee Code Annotated section 50-6-204(a)(4)(A).  It is undisputed that Insight never offered her a panel upon receiving notice of her accident.  The Appeals Board has held that a lack of medical evidence regarding causation does not necessarily eliminate the employer's obligation to provide a physician panel.  *See Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016).

Here, it bears repeating that neither Insight nor its carrier presented Ms. Claybrooks with a panel of physicians after receiving notice of her work-related accident.  Insight did not provide any justification for this failure, other than contending that Ms. Claybrooks did not establish she required additional care.  The Court holds this is an insufficient reason and orders Insight to provide Ms. Brooks with a panel of orthopedists from which she may choose a doctor to treat any injuries caused by her fall at work.  In addition, the Court refers the issue to the Bureau's Compliance Program to investigate and determine if, and to what extent, it should issue a penalty.

IT IS, THEREFORE, ORDERED that:

1.  Ms. Claybrooks's request for reimbursement for past medical expenses and temporary disability benefits is denied at this time.

2.  Insight shall provide Ms. Claybrooks with a panel of orthopedists from which she can select a doctor to treat any injuries caused by her fall at work.

3.  This case is referred to the Bureau's Compliance Program to determine if, and to what extent, a penalty is warranted.

4.  Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3).  The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order.  Failure to submit the

3

necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

5. This case is set for a Scheduling Hearing on April 16, 2021 at 9:00 a.m. Central Time. The parties must call 615-253-0010 or 855-689-9049 toll-free to participate in the Scheduling Hearing. Failure to appear might result in a determination of the issues without the party's participation.

**ENTERED on March 3, 2020.**

**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Order Granting Employer's Motion for Witness by Telephone
5. Order Granting Continuance
6. Employer's Response to Request for Expedited Hearing
7. Order Granting Continuance

Exhibits:
1. EMG/NCS Study
2. Various Medical Bills
3. Advanced Imaging Bill
4. Medical Note Excusing Absence dated July 11, 2019
5. X-Rays of Right Hand
6. Right Hip X-Ray Report
7. C-32 Form Regarding Right Ear
8. Additional Medical Bills
9. Emails between Ms. Claybrooks and Ms. Livingston
10. Petition for Benefit Determination filed on February 25, 2021 (for identification only)
11. Medical Records from VHC
12. Operative Report dated February 5, 2021 (for identification only)

4

13. Emails between Ms. Claybrooks and Ms. Livingston

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on March 3, 2021.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Sondra Claybrooks | | | X | Slclay2228@gmail.com |
| L. Blair Cannon | | | X | Blair.cannon@thehartford.com |
| Compliance Program | | | X | WCComplaince.Program@tn.gov |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____


_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

LB-1099 rev. 01/20                    Page **1** of 2                    RDA 11082

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*